*1247 CARNES, Circuit Judge,
concurring:
I join Judge Kravitch’s opinion for the Court and agree with the decision to reinstate the panel opinion, which for us as a panel is a no-brainer because we are bound by the prior decision in United States v. Renfro, 620 F.2d 497 (5th Cir.1980).[1] The Renfro decision is binding authority establishing that we cannot review the magistrate judge’s denial of counsel’s motion to withdraw (on the grounds that appellant wanted a new attorney), because neither appellant nor her counsel made the slightest suggestion to the district court that they were dissatisfied with the magistrate judge’s ruling. They didn’t even mention the matter until after appellant was convicted and they were looking about for issues to raise on appeal.
In his concurring opinion, my good friend, Judge Hill, suggests that the entire Court ought to consider in this case whether the Renfro decision should be overturned. Of course, each active judge of the Court will consider that when reading the opinions in this case. However, to the extent that Judge Hill thinks we ought to grant rehearing en banc for that purpose, I respectfully disagree. The Supreme Court’s action in returning this case to us originated in a suggestion of the Solicitor General that we had erred in concluding that we lacked jurisdiction to review the order of the magistrate judge because the appellant did not raise it before the district court. The Solicitor General’s position is that we can review the magistrate judge’s order but only for plain error of which he says there is none. So the government’s position now is that we reached exactly the right result, but for the wrong reason.
Were we not aware of the fickleness of the government’s positions in criminal cases, see Hunter v. United States, 101 F.3d 1565, 1574 (11th Cir.1996) (en banc) (“past experience has taught us that on occasion the government’s position on criminal law issues is fluid”), we might be surprised. After all, it argued to us at oral argument and in a supplemental authority letter that we ought to apply Renfro and conclude that we lacked jurisdiction to review the denial of the motion to withdraw. Having convinced us to do that, the government then told the Supreme Court that we were wrong to do so. Any other litigant might be embarrassed, but in litigation the government never blushes.
In any event, the Solicitor General suggested to the Supreme Court that it might wish to remand this case to us so that we could have the benefit of the government’s about-face on the matter. The Supreme Court did remand the case to us, for “further consideration in light of the position taken by the Solicitor General” in his brief to that Court. The remand does not imply that our Renfro decision is wrong. See United States v. Ardley, 273 F.3d 991, 994-95 (11th Cir.2001) (opinion of Carnes, J., concurring in the denial of rehearing en banc). Nor does it mean that we must grant rehearing en banc. Instead, the remand order requires only that we reconsider our decision in light of the government’s new position, and we have done that. We all agree that the Renfro decision requires us as a panel to reach the same result we did before.
To the extent that the Supreme Court’s remand requires that we also consider whether to grant rehearing en banc for the purpose of reconsidering the Renfro decision, I have done that, too. My conclusion is that granting rehearing en banc would not be a prudent use of this Court’s scarcest resource, which is the time of its judges. Cf. United States v. Hogan, 986 *1248 F.2d 1364, 1369 (11th Cir.1993) (“Given the finite resources of a court of appeals, the heavy artillery of en banc decision making should be resorted to only where smaller gauge weapons are unavailing.”).
For one thing, because this particular scope of review issue seldom arises, any change in the law governing it would affect very few cases. For another thing, even if we went en banc and overruled the Renfro decision’s holding that the bar on review was jurisdictional, that would not affect the result in this case. There is no way that the magistrate judge’s denial of the motion to withdraw is error plain on the face of this record, especially given the deferential abuse of discretion standard that governs whether error was committed at all. Finally, this very matter is on the way to resolution in the Rules Enabling Act process. See the Court’s opinion at 1246 n. 2. For all of these reasons, we should not expend any of our scarce en banc resources on reconsidering the Renfro rule, at least not in this case.

. Decisions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent on this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).